## FRIERSON et al. v. McGRAW et al.

### No. 3897.

Court of Civil Appeals of Texas. Texarkana.

Dec. 14, 1930.

Rehearing Denied Dec. 18, 1930.

J. Hart Willis and J. W. Madden, Jr., both of Dallas, for appellants.

Cockrell, McBride, O'Donnell & Hamilton, Bartlett, Brown & Thornton, and William H. Brown, all of Dallas, for appellees.

LEVY, J. (after stating the case as above).

It is clear in the record that the Dallas Trust & Savings Bank was entitled to have the peremptory instruction given, because by reasonable intendment the only cause of action alleged by the plaintiff against the bank was for compensatory damages arising through fraud and conspiracy of the agent of the bank. The petition charged that Mrs. Frierson lost the real estate commissions agreed to be paid to her by Jack McGraw "through a plan promulgated and conceived by the agent of the said bank, to which the other defendants agreed and carried into effect." There is no evidence even tending to show fraud and conspiracy on the part of the agent of the bank. Likewise the defendant Jack McGraw was entitled to have the peremptory instruction given, and for the same reason, upon the allegation of participation in fraud and conspiracy. The evidence admittedly and conclusively shows that the agent of the bank and Jack McGraw never wrongfully prevented Mrs. Frierson from bringing to a completion the contract of sale of the property to H. A. Gump. In no wise by fraud practiced by Jack McGraw or the bank's agent did they diminish her means of bringing about or completing a sale of the property to H. A. Gump. H. A. Gump himself abandoned his negotiations with Mrs. Frierson altogether and refused to consummate a deal for the property through her.

The other alleged ground for recovery against the defendant Jack McGraw rested upon contract to pay commissions for the sale of the property. The allegations are that "the said Jack McGraw, being in charge of building and selling with the said Clem Lumber Company, did appoint plaintiff Mrs. Frierson to find a purchaser and did list said property with her for sale, agreeing to pay the usual and customary commission of 5%; that immediately after appointment, the plaintiff began efforts to sell said property and did find a purchaser ready and willing and able to buy same in the person of H. A. Gump. * * * And that, by reason of her services, she is entitled to a full and complete commission of 5% of the selling price, that being the usual and customary fee paid to brokers, which, on a basis of $25,000.00, which plaintiff alleges is the consideration paid, would be $1,250.00 with interest from the date of the breach of the contract." These allegations fix the class of contract sued on as an express promise to pay 5 per cent. commissions, and not an implied promise to pay reasonable value of services rendered in effecting a sale of the property. There is no evidence tending to show an express contract to pay 5 per cent. commission, and therefore, in view of the pleading, there was no error in giving the peremptory instruction. Recovery cannot be predicated on proof of an implied contract in an action founded only on express contract. 13 C. J. § 908, p. 748.

The judgment is affirmed.